Guinness Ohazuruike, Esq.
Nevada Bar No. 11321
GUINNESS LAW FIRM
6845 W. Charleston Blvd #A
Las Vegas, Nevada 89117
Tel: (702) 473-9300
Fax (702) 920-8112
guinnesslaw@yahoo.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA.

| | |
|---|---|
| LEO B. MARCHETTI, | Case No. |
| Plaintiff, | |
| vs. | COMPLAINT AND JURY DEMAND |
| MARIGOLD MINING COMPANY; a domestic corporation; | |
| Defendant, | |

## PARTIES

1. Plaintiff, Leo B. Marchetti, is an individual and a citizen of United States, domiciled in Pahrump, Nye County, Nevada.
2. Plaintiff is a person with a disability in that he has a disabled right leg and must walk with a cane, which prevents him from carrying a heavy load while walking.
3. Plaintiff is a member of the protected class within the provisions of Americans with Disabilities Act of 1990 as codified, 42 U.S.C. §§ 12112–12117 as amended.
4. Defendant, Marigold Mining Company, is a domestic corporation engaged in the business of mining and marketing minerals in Nevada.

1
_____
COMPLAINT AND JURY DEMAND

5. Defendant employs in excess of fifteen employees and is an employer within the meaning of the enabling statutory and case law including Title 1 of American with Disabilities Act 1990 as amended and other relevant Civil Rights Act.

6. At the relevant time, Defendant employed or had over five hundred employees.

7. Defendant's alleged conducts complained about herein were as a direct result of the acts or omissions or instructions or directions of certain individuals acting as managers, agents, servants and/or employees of Defendant.

8. Defendant is therefore liable for the acts and omissions of the individual agents and employees pursuant to the legal theory of vicarious liability and/or agency.

## JURISDICTION

9. This is an action arising under federal law, authorized and instituted pursuant to Americans with Disabilities Act of 1990 as codified, 42 U.S.C. §§ 12112–12117 as amended.

10. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. Jurisdiction may also be appropriate under 42 U.S.C §§1981, 1983, and 28 U.S.C. §§ 2201 and 2202 relating to declaratory judgments.

## VENUE

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides and Defendant regularly conduct business and where all the alleged wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

12. Plaintiff has complied with all the administrative prerequisites to action under Americans with Disabilities Act of 1990 as codified, 42 U.S.C. §§ 12112–12117 as amended and the Civil Rights Act of 1964 (as amended) 42 U.S.C. §§ 2000e-5.

A. On or about June 24, 2014 Plaintiff contact the Equal Employment Opportunity Commission and timely filed a charge of disability discrimination with E.E.O.C.;

B. Nevada Equal Rights law also provides relief for discrimination based on disability;

C. Plaintiff promptly and diligently accommodated all E.E.O.C. requests for information and fully cooperated in the agency's investigation of this matter;

D. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action;

E. On August 6, 2015, the EEOC issued Plaintiff a Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. On or about January 30, 2014 Plaintiff applied for the entry position of Haul Truck Operator at Defendant's office in Nevada.

14. Plaintiff had the legitimate skills, experience, education, and other requirements of the advertised entry position of Haul Truck Operator.

15. Plaintiff could perform the essential functions of a Haul Truck Operator with or without reasonable accommodation.

16. Plaintiff disclosed in his application that he had disability but could perform the essential functions of the position with or without reasonable accommodation.

17. On or about February 3, 2014 Defendant informed plaintiff that he has not been selected for the position.

18. Defendant did not employ a better qualified candidate than plaintiff.

19. Defendant's failure to hire or refusal to employ plaintiff was based on his physical disability.

## CAUSE OF ACTION
(DISCRIMINATION BASED ON DISABILITY)

20. Plaintiff repeats allegations contained in preceding paragraphs by reference.

21. Plaintiff was a person with disability and member of a protected class;

22. Plaintiff had the legitimate skills, experience, education, and other requirements of the advertised position;

23. Plaintiff could perform the essential functions of the position with or without reasonable accommodation;

_____
COMPLAINT AND JURY DEMAND

24. Public policy gives employment preference to veterans and persons with disability when they are qualified for a job position;
25. Plaintiff disclosed in his application and Defendant carried out the discriminatory employment action against Plaintiff on the basis of his disability in violation of Americans with Disability Act of 1990, as amended;
26. As result of Defendant's discriminatory actions, Plaintiff suffers loss of wages and benefits;
27. Plaintiff is entitled to back-pay of an amount payable for the position effective from the date employment was denied until the date of judgment;
28. Plaintiff is entitled to front-pay of an amount payable for the position effective from the date of judgment for six months or until he gets a comparable employment;
29. As a result of Defendant's discriminatory actions, Plaintiff suffered damages and is entitled to $300,000 general compensation or maximum allowed by federal law.

## PUNITIVE DAMAGES

30. Defendant's discriminatory conduct against Plaintiff was intentional and oppressive and therefore Plaintiff seeks punitive damages against Defendant.

## PRAYER FOR RELIEF

WHEREOF Plaintiff demands judgment against Defendant as follows:

1. A declaration that the actions of Defendant through its agents alleged in this Complaint constitute discrimination on the basis of disability in violation of Americans with Disability Act 1990, as amended;
2. Award of special damages back-pay from date employment was denied until the date of judgment;
3. Award of special damages front-pay for six months starting from date of judgment or until he finds comparable employment;
4. Award of $300,000 general compensation or the maximum allowed by federal law;
5. Award of attorney fees and Court costs in this action;
6. Award of punitive damages as allowed under applicable federal law;
7. Such other and further relief as the Court may deem just and proper.

COMPLAINT AND JURY DEMAND

## DEMAND FOR JURY

Plaintiff, Leo B. Marchetti, exercises his right under the United States Constitution and applicable statutes and rules and requests that all issues of fact in this action be determined by a jury.

Dated this 2nd day of Nov., 2015.

/s/Guinness Ohazuruike___
Guinness Ohazuruike, Esq.
GUINNESS LAW FIRM
6845 W. Charleston Blvd #A
Las Vegas, Nevada 89117
Tel: (702) 473-9300
*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT

CLARK COUNTY          }
STATE OF NEVADA       }

I, Leo B. Marchetti, affirms and states that I am the Plaintiff in this proceeding; that I have read the Complaint thereof and the same is true to my knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

"I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

Dated this 2nd day of November, 2015.          /s/Leo Marchetti
                                                LEO B. MARCHETTI

COMPLAINT AND JURY DEMAND